IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:16-CR-145-TAV-JEM |
| ) | |
| AUGUSTUS YOUNG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned on Defendant Augustus Young's pro se request for the appointment of counsel to investigate whether he qualifies for a sentence reduction [Doc. 244]. Defendant's letter was docketed as a motion [Doc. 244], and subsequently referred to the undersigned for disposition or recommendation [Doc. 245]. *See* 28 U.S.C. § 636(b).[1] In his letter, Defendant states his classification as a career offender was affirmed by the Sixth Circuit Court of Appeals but notes, without citing to any specific case law, that the Second Circuit has now joined other circuits, including the Sixth, to hold that Hobbs Act robbery does not qualify as a crime of violence.[2] Defendant asks the Court to appoint counsel to help him raise issues that could result in a sentence reduction.

---

[1] A magistrate judge may make a recommended disposition on "applications for post[-]trial relief by individuals convicted of criminal offenses[.]" 28 U.S.C. § 636(b)(1)(B).

[2] Following the Sixth Circuit's decision in *United States v. Camp*, 903 F.3d 594, 604 (6th Cir. 2018), the Second Circuit recently found that Hobbs Act robbery is not a crime of violence under the career offender provision of the sentencing guidelines. *United States v. Chappelle*, 41 F.4th 102, 104 & n.2 (2d Cir. 2022). The Court did not address whether Hobbs Act robbery was a crime of violence for purposes of § 924(c).

The undersigned respectfully recommends that Defendant's request for appointment of counsel be denied because Defendant is not entitled to the representation of counsel, nor does he demonstrate that the appointment of counsel would further the interests of justice.

I.   PROCEDURAL BACKGROUND

Following a guilty plea to aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 2 and 1951 and aiding and abetting the use of firearms in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c), the District Judge found Defendant to be a career offender and sentenced him to a total term of 204 months' imprisonment [Docs. 56, 98]. The Judgment of conviction was entered on July 23, 2018 [Doc. 98]. Defendant did not take a direct appeal.

On January 30, 2019, Defendant filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("first post-conviction motion to reduce sentence"), arguing that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague and cannot support enhancement because Hobbs Act robbery can be committed by either violent or nonviolent force [Doc. 144]. Relying on binding Sixth Circuit precedent, the District Judge found that, regardless of whether the residual clause in § 924(c) is unconstitutional, Defendant's conviction "stand[s] because Hobbs Act robbery also qualifies as a 'crime of violence' under the use-of-force clause" of § 924(c) [Doc. 206 p. 2]. *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017). Thus, the Court held that Defendant entered a guilty plea to a crime of violence "regardless of what happens to the residual clause of § 924(c)" [*Id.* at 3]. The Court denied Defendant's first post-conviction motion to reduce his sentence and certified that any appeal would not be taken in good faith and would be frivolous [Docs. 206, 207].

On November 9, 2020, Defendant Young filed a second pro se Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("second post-conviction motion to reduce sentence"), arguing that Hobbs

2

Act robbery no longer qualifies as a crime of violence after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 222 (also seeking the appointment of counsel)]. The District Judge found Defendant could not file a second or successive § 2255 motion and ordered that Defendant's motion be transferred to the Sixth Circuit Court of Appeals [Doc. 230]. Defendant's request for appointed counsel was denied as moot [*Id.*]. The appellate court denied a second § 2255, concluding that *Davis* does not assist Defendant because aiding and abetting Hobbs Act robbery remains a crime of violence under the elements clause in § 924(c)(3)(A). *In re Augustus Young*, No. 21-5331 (6th Cir. Dec. 13, 2021) (consolidating Defendant's application for a second § 2255 motion with his appeal of the denial of his first post-conviction motion to reduce sentence).

II. ANALYSIS

A criminal defendant has neither a constitutional, nor a statutory right to counsel, in a post-conviction case. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Finley*, 481 U.S. at 555. The Supreme Court "ha[s] never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Id.* Yet, the Court retains discretion to appoint counsel to assist with a particular motion. *See* 18 U.S.C. § 3006A(a)(2)(B). The Court may appoint counsel for a financially eligible person seeking post-conviction relief under § 2255, if it "determines that the interests of justice so require[.]" *Id.*

Here, Defendant Young's request for appointed counsel is not well taken and the interests of justice do not require appointment of counsel. Despite this Court's and our appellate court's denial of his prior post-conviction motions based on whether his convictions qualify as crimes of

3

violence, Defendant seeks to re-plow the same ground. Hobbs Act robbery, however, "remains a crime of violence for career offender purposes under the use-of-force clause of § 924(c)." *Holland v. United States*, Nos. 2:16-CV-221, 2:10-CR-111, 2019 WL 3518786, at *6 (E.D. Tenn. Aug. 1, 2019) (citing *Googe*, 850 F.3d at 292 and *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018)); *see also Shaw v. United States*, No. 21-5088, 2021 WL 3174976, at *1–2 (6th Cir. July 22, 2021) (denying certificate of appealability because "Hobbs Act robbery constitutes a crime of violence without reference to the now-invalidated residual clause definition"); *Porter v. United States*, 959 F.3d 800, 804 (6th Cir. 2020) (explaining that the Sixth Circuit has "repeatedly rejected" the argument that Hobbs Act robbery does not qualify as a "'crime of violence' under the elements clause in § 924(c)," as has every other circuit), *cert. denied*, 141 S. Ct. 1060 (2021).

For these reasons, the undersigned respectfully **RECOMMENDS** that Defendant's pro se request for appointed counsel [**Doc. 244**] be denied.[3] The Clerk of Court is **DIRECTED** to mail a copy of this filing to Defendant Young at the return address listed in his letter [Doc. 244].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

4